FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 14 2012

CENTRAL DISTRICT OF CALIFORNIA
BY Shuy            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ERIC MILLER,<br><br>    Petitioner,<br><br>    v.<br><br>M. D. BITER, Warden,<br><br>    Respondent. | Case No. CV 12-00258 JST (AN)<br><br>ORDER ACCEPTING THE FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has completed its de novo review of the file, including the Magistrate Judge's Report and Recommendation ("R&R") and Petitioner's Objections [29]. In particular, after conducting a *de novo* review of those portions of the R&R to which Petitioner has objected, the Court finds the Objections lack merit. Therefore, Petitioner's Objections to the R&R are OVERRULED for the reasons set forth in the R&R, as well as the following additional reasons:

    In his Objections, Petitioner makes the same mistake he made in his Second Amended Petition by attempting to re-argue the trial evidence, pointing to alleged inconsistencies in that evidence, and casting that evidence in a light favorable to the defense. However, as clearly and correctly discussed in the R&R, "it is the responsibility of the jury - not the court - to decide what conclusions should be drawn

1  from evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, 132 S. Ct. 2, 3-4 (2011)
2  (per curiam); *see also Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781 (1979)
3  (a reviewing court "faced with a record of historical facts that supports conflicting
4  inferences must presume - even if it does not affirmatively appear in the record - that
5  the trier of fact resolved any such conflicts in favor of the prosecution, and must defer
6  to that resolution."); *McDaniel v. Brown*, 558 U.S. ---, 130 S. Ct. 665, 674 (2010)
7  (under *Jackson*, a court must review *all* the evidence in the light most favorable to the
8  prosecution and may not merely recite or highlight inconsistencies in the testimony).

9      The Court also rejects Petitioner's belated attempt to re-cast his state evidentiary
10  claim in ground two as an unexhausted Sixth Amendment Confrontation Clause claim.
11  *See Willard v. California*, 812 F.2d 461, 465 (9th Cir. 1987). Further, even if Petitioner
12  had properly exhausted and raised such a claim, it would be meritless for the reasons
13  set forth in the R&R because the alleged error was clearly harmless (*see* R&R at 19-
14  20). *See Winzer v. Hall*, 494 F.3d 1192, 1201 (9th Cir. 2007) ("Violation of the
15  Confrontation Clause is trial error subject to harmless-error analysis . . . because its
16  effect can be 'quantitatively assessed in the context of other evidence presented' to the
17  jury." (citation omitted)).

18      Finally, the Court rejects Petitioner's assertions that the Magistrate Judge's
19  review of the evidence was limited, and that the Magistrate Judge's deference exceeded
20  that required by the governing statute.

21      Based on the foregoing, IT IS ORDERED THAT:
22      1.    The Court accepts the findings and recommendation of the R&R.
23      2.    Judgment shall be entered denying the Second Amended Petition and
24  dismissing this action with prejudice.
25  ///
26  ///
27  ///
28  ///

3. All motions are denied as moot and terminated.

IT IS FURTHER ORDERED that the clerk of the Court shall serve a copy of this Order and the Judgment on all counsel or parties of record.

Dated: November 12, 2012

JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE